Kuzmich v 50 Murray St. Acquisition LLC (2020 NY Slip Op 06208)





Kuzmich v 50 Murray St. Acquisition LLC


2020 NY Slip Op 06208


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 155266/16 Appeal No. 12228 Case No. 2019-05132 

[*1]John Kuzmich, et al., Plaintiffs-Respondents,
v
50 Murray Street Acquisition LLC, Defendant-Appellant.


Rosenberg & Estis, P.C., New York (Alexander Lycoyannis of counsel), for appellant.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Serge Joseph of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 13, 2019, which directed the use of the default formula to determine the base rent for the rent-stabilized apartments occupied by plaintiffs, and awarded plaintiffs their reasonable attorneys' fees, unanimously modified, on the law, to the extent of determining that the base date rent is the rent actually charged on the base date, that is, the date four years prior to initiation of the claim, and the matter remitted to Supreme Court to calculate rent overcharges, consistent with this order, after further submissions from the parties, and otherwise affirmed, without costs, with respect to the award of plaintiffs' attorneys' fees. In June 2019, while this action was pending, NY State enacted the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) (HSTPA), which made comprehensive changes to the rent laws. As relevant here, part F of the HSTPA, which amended Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26—516 and CPLR 213—a, governs claims of rent overcharge and the statute of limitations for bringing such claims. However, the Court of Appeals determined that the HSTPA, which requires that the entire rent history be examined, cannot be retroactively applied to overcharges alleged to have occurred before the HSTPA's enactment in 2019 (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 363 [2020] ["We conclude that the overcharge calculation amendments (of the HSTPA) cannot be applied retroactively to overcharges that occurred prior to their enactment."]).
Accordingly, in this case, we conclude that the relevant changes made in HSTPA are not applicable here, and the pre-HSTPA law applies, which Regina described as follows:
"In fraud cases, this Court sanctioned use of the default formula to set the base date rent. Otherwise, for overcharge calculation purposes, the base date rent was the rent actually charged on the base date (four years prior to initiation of the claim) and overcharges were to be calculated by adding the rent increases legally available to the owner under the RSL" (Regina at 355-356).
Here, because the motion court found a lack of willfulness by the landlord, the default formula is inapplicable. Instead, as indicated, "the base date rent [is] the rent actually charged on the base date (four years prior to initiation of the claim) and overcharges[ are] to be calculated by adding the rent increases legally available to the owner under the RSL" (Regina at 356).
The award of attorneys' fees was proper given the lease provisions providing for an award of attorneys' fees to the landlord where a tenant unsuccessfully challenges the deregulation of an apartment or is found to have violated the law. Real Property Law § 234 levels the playing field and imposes reciprocity where the tenant is the prevailing party, as here (see Matter of Duell v Condon, 84 NY2d 773, 780 [1995]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020